# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY D. JUSTICE, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. _____ |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| COLUMBIA PROPERTY TRUST, INC., | ) |
| CONSTANCE B. MOORE, CARMEN M. | ) |
| BOWSER, JOHN L. DIXON, DAVID B. | ) |
| HENRY, MURRAY J. MCCABE, E. | ) |
| NELSON MILLS, MICHAEL S. ROBB, | ) |
| THOMAS G. WATTLES, and FINN | ) |
| WENTWORTH, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. This action stems from a proposed transaction announced on September 7, 2021 (the "Proposed Transaction"), pursuant to which Columbia Property Trust, Inc. ("Columbia" or the "Company") will be acquired by affiliates of Pacific Investment Management Company LLC.

2. On September 7, 2021, Columbia's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Columbia Property Trust Operating Partnership, LP, Panther Merger Parent, Inc., and Panther Merger Sub, LLC.  Pursuant to the terms of the Merger Agreement, Columbia's stockholders will receive $19.30 in cash for each share of Columbia common stock they own.

3. On October 4, 2021, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Columbia common stock.

9. Defendant Columbia is a Maryland corporation and a party to the Merger Agreement. Columbia's common stock is traded on the New York Stock Exchange, which is headquartered in New York, New York, under the ticker symbol "CXP."

10. Defendant Constance B. Moore is Chairman of the Board of the Company.

11. Defendant Carmen M. Bowser is a director of the Company.

12. Defendant John L. Dixon is a director of the Company.

13. Defendant David B. Henry is a director of the Company.

14. Defendant Murray McCabe is a director of the Company.

15. Defendant E. Nelson Mills is a director of the Company.

16. Defendant Michael S. Robb is a director of the Company.

17. Defendant Thomas G. Wattles is a director of the Company.

18. Defendant Finn Wentworth is a director of the Company.

19. The defendants identified in paragraphs 10 through 18 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

20. Columbia creates value through owning, operating, and developing properties for companies in New York, San Francisco, Washington D.C., and Boston.

21. On September 7, 2021, Columbia's Board caused the Company to enter into the Merger Agreement.

22. Pursuant to the terms of the Merger Agreement, Columbia's stockholders will receive $19.30 in cash per share.

23. According to the press release announcing the Proposed Transaction:

Columbia Property Trust, Inc. (NYSE: CXP) today announced that it has entered into a definitive agreement to be acquired by funds managed by Pacific Investment Management Company LLC (collectively, "PIMCO"), one of the world's premier global investment management firms, for $3.9 billion including Columbia's proportionate share of consolidated and unconsolidated debt. Under the terms of the agreement, which has been unanimously approved by Columbia's Board of

   Directors, PIMCO will acquire all of the outstanding shares of Columbia common stock for $19.30 per share in cash. This represents a premium of approximately 27% over Columbia's unaffected closing share price on Friday, March 12, 2021. During this time period the high barrier office sector has traded down 5%. . . .
The transaction is expected to close as early as year-end, subject to approval by Columbia's shareholders and the satisfaction of other customary closing conditions. Upon completion of the transaction, Columbia's common stock will no longer be listed on the New York Stock Exchange. . . .

   Advisors

   Morgan Stanley & Co. LLC is serving as lead financial advisor to Columbia and Wachtell, Lipton, Rosen & Katz is serving as legal advisor. Eastdil Secured LLC and J.P. Morgan are also acting as financial advisors to Columbia.

   Goldman Sachs & Co. LLC is serving as lead financial advisor to PIMCO and Latham & Watkins LLP and Milbank LLP are serving as legal advisors. Deutsche Bank Securities Inc. is also acting as a financial advisor to PIMCO. Cushman & Wakefield is acting as a real estate consultant to PIMCO.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

  24.  Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

  25.  As set forth below, the Proxy Statement omits material information.

  26.  First, the Proxy Statement omits material information regarding the Company's financial projections.

  27.  With respect to the Company's financial projections, the Proxy Statement fails to disclose: (i) all line items used to calculate the financial projections; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

  28.  The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

29. Second, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisor, Morgan Stanley & Co. LLC ("Morgan Stanley").

30. With respect to Morgan Stanley's Research Analyst Price Targets and NAV Targets analysis, the Proxy Statement fails to disclose: (i) the price targets and estimates observed in the analysis; and (ii) the sources thereof.

31. With respect to Morgan Stanley's Comparable Public Companies Analysis, the Proxy Statement fails to disclose the individual multiples and metrics for the companies observed by Morgan Stanley in the analysis.

32. With respect to Morgan Stanley's Net Asset Value Analysis, the Proxy Statement fails to disclose: (i) the estimated value of Columbia's cash, investment management and asset management platform, and other tangible assets used in the analysis; (ii) the debt and other liabilities from the aggregate value of Columbia's assets used in the analysis; (iii) the estimated costs required to consummate the mergers as used in the analysis; and (iv) the number of fully diluted shares of common stock outstanding.

33. With respect to Morgan Stanley's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the terminal values for the Company; (ii) the individual inputs and assumptions underlying the discount rates and exit capitalization rates; (iii) the outstanding debt, non-controlling interests, and cash used in the analysis; and (iv) the number of fully diluted shares of common stock.

34. With respect to Morgan Stanley's Premiums Paid Analysis, the Proxy Statement fails to disclose the individual premiums paid in the transactions.

35. With respect to Morgan Stanley's Private Buyer Analysis, the Proxy Statement fails to disclose: (i) the net operating income used in the analysis; and (ii) the individual inputs and assumptions underlying the market capitalization rates.

36. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

37. Third, the Proxy Statement fails to disclose the timing and nature of the past services Morgan Stanley provided to the parties to the Merger Agreement and their affiliates.

38. The omission of the above-referenced material information renders the Proxy Statement false and misleading.

39. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Columbia**

40. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

41. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Columbia is liable as the issuer of these statements.

42. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

43. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

44. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

45. The Proxy Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

46. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

47. Because of the false and misleading statements in the Proxy Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

48. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

49. The Individual Defendants acted as controlling persons of Columbia within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Columbia and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

50. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

51. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

52. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

53. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: October 8, 2021  **RIGRODSKY LAW, P.A.**

By: */s/ Gina M. Serra*
Seth D. Rigrodsky
Timothy J. MacFall
Gina M. Serra
Vincent A. Licata
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Email: sdr@rl-legal.com
Email: tjm@rl-legal.com
Email: gms@rl-legal.com
Email: vl@rl-legal.com

*Attorneys for Plaintiff*